In the Matter of the Petition of ANGELINA PUGLIESE, Respondent, to Prove the Last Will and Testament of EMANUELA PECORAINO, Deceased. FRANCESCO PECORAINO and Others, Appellants.— Order of Surrogate's Court of the county of Kings, setting aside verdict and directing a new trial modified so as to provide that the verdict shall be set aside and a new trial had only as to the first question submitted to the jury, viz., as to the execution and publication of the will, and as so modified the order is affirmed, with costs to the respondents. The surrogate directed a verdict in favor of proponent on the other two questions submitted to the jury, as to testamentary capacity and " fraud " without objection or exception by contestants, and appellants do not question the ruling. The respondent asks this court to decree that the will be admitted to probate. No exception was

taken to the refusal of the surrogate to direct a verdict in favor of the proponents on this first question, nor do the proponents appeal from the order. While we agree with the learned surrogate that the verdict of the jury in answer to the first question was contrary to the evidence he expressed his view that there was an issue as to the execution of the will for submission to the jury, and directed a new trial. In the absence of exception or appeal by proponents, we do not feel that we should at this time direct that the will be admitted to probate. We call attention to the form of the first question submitted to the jury requiring them to answer whether the alleged will was ": duly executed " by the testatrix. The jury's function was to say whether the testatrix signed the paper in presence of the three witnesses, declared it to be her will, requested them to sign as witnesses, and whether the document was signed by the testatrix and the witnesses at the time. If these things were done the will was " duly executed." The attention of the jury should be called to the facts relating to the exact issue submitted to them in the particular case on trial. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.